SUMMARY ORDER
Defendants-appellants appeal from a January 15, 2008 order of the District Court denying their motion for an award of attorneys’ fees and expenses under Rule 54 of the Federal Rules of Civil Procedure. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues on appeal.
Plaintiff-appellee Oriska Insurance Company urges the dismissal of the appeal for lack of jurisdiction in light of the pen-dency of the underlying action in the District Court. Based on the particular facts of this case, we do not agree with Oriska’s argument because the appealing defendants are effectively no longer parties to the underlying action, and “orders adjudicating attorney’s fees are normally considered sufficiently distinct from the main litigation to be appealable as collateral orders.” Sutton v. N.Y. City Transit Autk, 462 F.3d 157, 160 (2d Cir.2006) (citing White v. N.H. Dep’t of Employment Sec., 455 U.S. 445, 451, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982)); see also Roberson v. Giuliani, 346 F.3d 75, 78 (2d Cir.2003).
Turning to the merits of defendants’ fee application, we reiterate our determination that “[ujnder New York law, it is ‘well settled that an insured cannot recover his legal expenses in a controversy with a carrier over coverage, even though the carrier loses the controversy and is held responsible for the risk.’ ” Employers Mut. Cas. Co. v. Key Pharms., 75 F.3d 815, 824 (2d Cir.1996) (quoting Sukup v. State, 19 N.Y.2d 519, 522, 281 N.Y.S.2d 28, 227 N.E.2d 842 (1967)). Defendants argue that their application falls under the exception to this rule established by Mighty Midgets, Inc. v. Centennial Ins. Co., 47 N.Y.2d 12, 21, 416 N.Y.S.2d 559, 389 N.E.2d 1080 (1979). As we explained in Key Pharmaceuticals, “Mighty Midgets does no more than carve out a narrow exception ... [that] arises when a policyholder has been cast in a defensive posture by its insurer in a dispute over the insurer’s duty to defend.” 75 F.3d at 824; see also U.S. Underwriters Ins. Co. v. City Club Hotel, LLC, 3 N.Y.3d 592, 597-98, *38 789 N.Y.S.2d 470, 822 N.E.2d 777 (2004) (“The reasoning behind Mighty Midgets is that an insurer’s duty to defend an insured extends to the defense of any action arising out of the occurrence, including a defense against an insurer’s declaratory judgment action.”). Because the underlying litigation in this case concerns a dispute over whether coverage existed — and not an insurer’s duty to defend an insured — the holding of Mighty Midgets does not permit defendants-appellants to recover their attorneys’ fees.
Accordingly, we AFFIRM the judgment of the District Court.